# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALAN LIN,<br><br>    Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; and CREDIT FIRST NATIONAL ASSOCIATION,<br><br>    Defendants. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ALAN LIN (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); TRANS UNION LLC (hereinafter "Trans Union"); and CREDIT FIRST NATIONAL ASSOCIATION (hereinafter "Credit First") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Lawrence County in the Commonwealth of Kentucky. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

14.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.    Credit First is an FDIC insured national bank headquartered at 6275 Eastland Road in Brook Park, Ohio 44142 that upon information and belief conducts business in the State of Georgia.

17.    Credit First is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    Credit First furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

19.    Plaintiff is alleged to owe a debt to Credit First, partial account number ending in *5545, as to credit card (hereinafter "Credit First Account").

20.    On or about August 16, 2024, Plaintiff received an alert from Credit First regarding a potential fraudulent charge to his Credit First Account in the amount of $838 to payee, Spirit Airlines.

21.    Immediately, Plaintiff contacted Credit First and advised the charge was fraudulent. Plaintiff spoke with a representative who confirmed the charge was flagged as fraudulent, and his account was suspended to prevent additional unauthorized transactions.

22.    On or about September 4, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 177044612. In this report, he explained that he was a victim of identity theft and fraud and that the balance of the Credit First Account was inaccurate and erroneous.

23.    On or about September 13, 2024, Plaintiff received his monthly billing statement from Credit First and observed the fraudulent charge of $838 was included in his total balance of $4,565 despite having been assured it was flagged as fraudulent.

24.    On or about September 19, 2024, Plaintiff obtained copies of his credit reports from the CRAs. Upon review, Plaintiff observed the Credit First Account was reported with the erroneous balance of $4,565 with a status of current as Plaintiff continues to make timely payments each month.

25.    On or about October 3, 2024, Plaintiff mailed a detailed dispute letter to the CRAs regarding the inaccurate reporting. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that the Credit First Account was not accurate and that the debt they were claiming Plaintiff owed was not valid and should be $838 less. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the Credit First monthly billing statement, images of the filed FTC Identity Theft Report, and other supporting documents.

26.    Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (7022 3330 0002 3111 8307), Experian (7022 3330 0002 3111 8314), and Trans Union (7022 3330 0002 3111 8291).

27.    On or about October 26, 2024, Plaintiff received dispute results from Trans Union which stated the Credit First Account was reinserted and continued to report an erroneous balance of $4,164.

28.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

29.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

30.    Upon information and belief, Trans Union notified Credit First of Plaintiff's dispute. However, Credit First failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

31.    On or about October 30, 2024, Plaintiff received dispute results from Equifax which stated the Credit First Account was reinserted continued to report an erroneous balance of $4,164.

32.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

33.    Equifax never attempted to contact Plaintiff during the alleged investigation.

34.    Upon information and belief, Equifax notified Credit First of Plaintiff's dispute. However, Credit First failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

35.    Despite confirmation of delivery, Plaintiff did not receive dispute results in the mail from Experian. However, upon review of his updated credit report from Experian, Plaintiff observed the Credit First Account was no longer reported.

36.    On or about November 26, 2024, Plaintiff mailed a detailed dispute letter to Equifax and Trans Union regarding the continued inaccurate reporting. In the letter, Plaintiff reiterated that the Credit First Account was not accurate and that the debt they were claiming Plaintiff owed was not valid and should be $838 less. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the Credit First monthly billing statement, images of the filed FTC Identity Theft Report, and other supporting documents.

37.    Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 5558 0634 78) and Trans Union (9407 1112 0620 5558 0634 16).

38.    As of the filing of this Complaint, Plaintiff has not received dispute results from Equifax and Trans Union regarding his second detailed dispute letter.

39.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax and Trans Union continue to inaccurately report the erroneous

balance of the Credit First Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

40.    Equifax and Trans Union have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

41.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

42.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

iv.    Apprehensiveness to apply for new credit due to the fear of

rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

43.    Plaintiff re-alleges and incorporates paragraphs one (1) through

forty-two (42) above as if fully stated herein.

44.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to

follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains

concerning Plaintiff.

45.    Equifax allowed for a Furnisher to report inaccurate and erroneous

account information to Plaintiff's credit file.

46.    Upon information and belief, Equifax does not allow its

representatives to call consumers, like Plaintiff, during the dispute process or call

witnesses with knowledge about the dispute.

47.    Equifax selects to just parrot the information provided by the

Furnisher and to avoid conducting re-investigations.

48.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

49.   Equifax violated its own policies and procedures by not deleting erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

50.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

51.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

52.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

53.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

54.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

55.    Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

56.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

57.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

58.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

59.     Equifax violated its own policies and procedures by not deleting erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

60.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

62.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Negligent)

63.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

64.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66.     Plaintiff provided Equifax with the information it needed to confirm the balance of the Credit First tradeline was inaccurate and fraudulent. Equifax

ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

67.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

69.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Willful)

70.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

71.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

72.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

73.    Plaintiff provided Equifax with the information it needed to confirm the balance of the Credit First tradeline was inaccurate and fraudulent. Equifax

16

ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

74.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Trans Union LLC (Negligent)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

78.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

79.    Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

80.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

81.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

82.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

83.     Trans Union violated its own policies and procedures by not deleting erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

84.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

85.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

86.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

87.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

88.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

89.    Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

90.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

91.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

92.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

93.    Trans Union violated its own policies and procedures by not deleting erroneous account information when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

94.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Trans Union LLC (Negligent)

97.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

98.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

99.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

100.    Plaintiff provided Trans Union with the information it needed to confirm the balance of the Credit First tradeline was inaccurate and fraudulent.

Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

101.  As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102.  The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

103.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

104.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

105.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

106.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

107.    Plaintiff provided Trans Union with the information it needed to confirm the balance of the Credit First tradeline was inaccurate and fraudulent. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

108.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

110.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Credit First National Association (Negligent)**

111.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

112.  Credit First furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

113.  After receiving Plaintiff's disputes, Credit First violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

114.  Plaintiff provided all the relevant information and documents necessary for Credit First to have identified that the account balance was erroneous.

115.  Credit First did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party for the account balance, including information provided to Credit First by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify

the account balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of fraud.

116.   Credit First violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

117.   As a direct result of this conduct, action, and/or inaction of Credit First, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and inaction of Credit First was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

119.   Plaintiff is entitled to recover costs and attorney's fees from Credit First in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual damages against Defendant, CREDIT FIRST NATIONAL ASSOCIATION; jointly and severally; award Plaintiff his attorneys' fees and

costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Credit First National Association (Willful)

120.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

121.  Credit First furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

122.  After receiving Plaintiff's disputes, Credit First violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

123.  Plaintiff provided all the relevant information and documents necessary for Credit First to have identified that the account balance was erroneous.

124.   Credit First did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party for the account balance, including information provided to Credit First by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of fraud.

125.   Credit First violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

126.   As a direct result of this conduct, action, and/or inaction of Credit First, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

127. The conduct, action, and inaction of Credit First was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

128. Plaintiff is entitled to recover costs and attorney's fees from Credit First in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CREDIT FIRST NATIONAL ASSOCIATION; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALAN LIN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; and CREDIT FIRST NATIONAL ASSOCIATION, jointly and

severally; attorneys' fees and costs; prejudgment and post-judgment interest at

the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of November 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*

31